Vickie GUILLORY, Plaintiff–
Appellant,

v.

Jo Anne B. BARNHART, Commis-
sioner of Social Security, De-
fendant–Appellee.

No. 04–30612.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided March 17, 2005.

Genia C. Lee, Lake Charles, LA, for
Plaintiff–Appellant.

Henry Ernest Velte, III, Social Security
Administration Office of General Counsel,
Dallas, TX, for Defendant–Appellee.

Before GARZA, DeMOSS, and
CLEMENT, Circuit Judges.

PER CURIAM: *

Vickie Rene Guillory appeals the district
court's judgment affirming the denial by
the Commissioner of Social Security of her
application for disability insurance bene-
fits. The Commissioner uses a sequential
five-step test to determine whether a
claimant qualifies as disabled for purposes
of obtaining disability insurance benefits.
*See Leggett v. Chater,* 67 F.3d 558, 563 (5th
Cir.1995). In this five-step inquiry, the
Commissioner considers: (1) whether the
claimant is currently engaged in substan-
tial gainful activity; (2) whether the claim-
ant has a severe impairment; (3) whether
the impairment is listed, or equivalent to
an impairment listed in appendix I of the
Social Security regulations; (4) whether
the impairment prevents the claimant from
doing past relevant work; and (5) whether
the impairment prevents the claimant from
performing any other substantial gainful .

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

activity. *Id.* at 563 n. 2; *see also* 20 C.F.R. § 404.1520. The claimant bears the burden of proving disability for the first four steps, and the Commissioner bears the requisite burden in the fifth step. *See Leggett,* 67 F.3d at 564 & n. 11. The Commissioner's decision is given great deference on review and will not be disturbed unless substantial evidence does not exist in the record to support this determination, or an error of law was made. *See id.* at 564.

Guillory argues that the Administrative Law Judge (ALJ) erred in relying solely upon the Medical–Vocational Guidelines (Grid Rules) to find that she was not disabled. Guillory argues that the ALJ's finding that her nonexertional impairments, in conjunction with her physical impairments, were severe at Step Two precluded the ALJ from finding that they were insignificant at Step Five. Contrary to Guillory's argument, the mere presence of a nonexertional impairment does not preclude use of the Grid Rules. *Fraga v. Bowen,* 810 F.2d 1296, 1304 (5th Cir.1987). If those impairments do not have a significant effect on her residual functional capacity, use of the Grid Rules is appropriate. *Id.* The ALJ found that Guillory's listed nonexertional impairments did not significantly affect her ability to perform the base of jobs she was otherwise capable of performing given her age education and exertional limitations. Guillory has not shown that this finding is not supported by substantial evidence. Thus, the ALJ was entitled to rely exclusively on the Medical–Vocational Guidelines—the Grid Rules. *Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir.1990).

As a result of the foregoing, the Commissioner's decision to deny benefits is supported by substantial evidence. Accordingly, the district court's judgment is AFFIRMED.